# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMIAH Y. NATION,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>Respondent. | 8:21CV57<br><br><br><br>MEMORANDUM AND ORDER |

Pursuant to Fed. R. Civ. P. 56(b), Respondent submits his Motion for Summary Judgment. (Filing 12.) The motion is granted, and this case is dismissed with prejudice. No certificate of appealability is or will be issued.

## *UNDISPUTED FACTS*

These are the undisputed facts:

1. On April 10, 2019, after a jury trial in the District Court of Lancaster County, Nebraska, Petitioner Jeremiah Y. Nation was found guilty of two counts of robbery. (Filing 13-3 at CM/ECF pp. 1, 4.)

2. On May 15, 2019, the state district court sentenced Nation to consecutive terms of twenty years to forty years imprisonment on each count of robbery. (*Id.* at CM/ECF pp. 2-3, 5.)

3. On April 7, 2020, the Nebraska Court of Appeals affirmed Nation's convictions and sentences on direct appeal. (Filing 13-1; Filing 13-2.) On June 10, 2020, the Nebraska Supreme Court denied Nation's petition for further review. (Filing 13-1; Filing 13-4.) The primary issue in Nation's appeal to the Nebraska Court of Appeals, and later in his petition to the Nebraska Supreme Court, was

whether the trial court erred when it overruled his motions to suppress the evidence seized from his residence. (Filing 13-2; Filing 13-4.) Nation argued that law enforcement conducted a warrantless search of his residence in violation of the Fourth Amendment. (See *id.*)

4. Nation's habeas petition was filed with this Court on February 16, 2021. (Filing 1.)

5. In addition to the records previously submitted (Filing 13), Respondent supplemented the record at the request of Petitioner. (Filing 18.) Nebraska provided a procedure by which Nation could raise his Fourth Amendment claim and he was not foreclosed from using that procedure because he used it. He raised his claim in not one, but two, motions to suppress. (Filing 13-2; Filing No. 18 at CM/ECF pp. 86-87.) Contrary to Nation's argument, the state district court held an evidentiary hearing on each motion. (*Id.*) He then appealed the orders of the state district court denying those motions. (*Id.*) The Nebraska Court of Appeals addressed Nation's Fourth Amendment claim at length on direct appeal and concluded that Nation had failed to meet his burden to show that an impermissible pre-warrant search of his residence took place. (See Filing 13-2 at CM/ECF pp. 1-11.) The court also concluded that the evidence seized from Nation's residence would have been admissible pursuant to the independent source doctrine even if there had been an impermissible pre-warrant search. (*Id.* at 11-12.) The Nebraska Supreme Court subsequently denied Nation's petition to review the decision of the Nebraska Court of Appeals. (Filing 13-1; Filing 13-4.)

## *STONE v. POWELL*

This case is straightforward. As the Eighth Circuit Court of Appeals, in an en banc decision, has said:

> [A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the

state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system. We believe that our approach flows naturally from the language of *Stone*, which we have emphasized in this opinion, and from *Stone's* rationale. As *Stone* makes clear, Fourth Amendment claims asserted by state prisoners in federal habeas petitions are to be treated differently from other constitutional claims because of the nature and purpose of the exclusionary rule and the incremental value gained from its implementation in the federal habeas situation compared with the costs it imposes upon the administration of justice. The federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation.

*Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (applying *Stone v. Powell*, 428 U.S. 465, 482, 494 (1976)).

In this case, Nebraska provided a procedure by which the prisoner could raise his Fourth Amendment claim, and the prisoner was not foreclosed from using that procedure because of an unconscionable breakdown in the system.

## NO CERTIFICATE OF APPEALABITY

The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Applying the foregoing standard, I deny a certificate of appealability.

IT IS ORDERED that:

1. The habeas corpus petition (Filing 1) is denied with prejudice.

2. A separate judgment will be issued.

3. A certificate of appealability has not and will not be granted.

July 9, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge